** PART I **
ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR REQUEST FOR AN ATTORNEY GENERAL OPINION ADDRESSING, IN EFFECT, THE FOLLOWING QUESTIONS:
 1. MAY THE GOVERNOR DISSEMINATE A COPY OF AN OFFICIAL OKLAHOMA STATE BUREAU OF INVESTIGATION ("OSBI") INVESTIGATIVE REPORT TO A LEGISLATIVE TASK FORCE COMMITTEE IF THE GOVERNOR WAS THE OFFICIAL WHO REQUESTED THE INVESTIGATION UNDER 74 O.S. 150.5 (1991)?
 2. DOES A LEGISLATIVE COMMITTEE WITH SUBPOENA POWER HAVE THE AUTHORITY TO OBTAIN BY SUBPOENA A COPY OF AN OSBI INVESTIGATIVE REPORT OF AN INVESTIGATION INITIATED AT THE REQUEST OF THE GOVERNOR?
 3. MAY THE GOVERNOR DISSEMINATE A COPY OF AN OSBI INVESTIGATIVE REPORT TO THE COMMISSION OR DIRECTOR OF AN AGENCY WHICH WAS THE SUBJECT OF THE INVESTIGATION?
BECAUSE YOUR REQUEST MAY BE ANSWERED THROUGH A REVIEW OF APPLICABLE STATUTES, THIS OFFICE HAS DETERMINED THAT YOUR REQUEST SHOULD BE ANSWERED THROUGH THIS INFORMAL LETTER. THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE FOLLOWING ANALYSIS AND CONCLUSIONS, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTIONS YOU RAISED.
THE OKLAHOMA STATE BUREAU OF INVESTIGATION WAS CREATED BY AN ACT OF THE OKLAHOMA LEGISLATURE IN 1976.74 O.S. 150.5 TO TITLE 74 OF THE OKLAHOMA STATUTES PROVIDES AUTHORITY FOR THE GOVERNOR, THE ATTORNEY GENERAL, THE COUNCIL ON JUDICIARY COMPLAINTS (UPON A VOTE OF THE MAJORITY OF THE COUNCIL), AND ANY LEGISLATIVE INVESTIGATING COMMITTEE (WHICH HAS BEEN GRANTED SUBPOENA POWER BY RESOLUTION OF THE LEGISLATURE AND UPON A VOTE OF THE MAJORITY OF THE COMMITTEE) TO REQUEST AN OSBI INVESTIGATION. SUBSECTION D OF 74 O.S. 150.5(D) PROVIDES FURTHER:
 "ALL RECORDS RELATING TO NY INVESTIGATION BEING CONDUCTED BY THE BUREAU SHALL BE CONFIDENTIAL AND SHALL NOT BE OPEN TO THE PUBLIC OR TO THE COMMISSION EXCEPT AS PROVIDED IN SECTION 150.4 OF THIS TITLE; PROVIDED, HOWEVER, OFFICERS AND AGENTS OF THE BUREAU MAY DISCLOSE, AT THE DISCRETION OF THE DIRECTOR, SUCH INVESTIGATIVE INFORMATION TO OFFICERS AND AGENTS OF FEDERAL, STATE, COUNTY, OR MUNICIPAL LAW ENFORCEMENT AGENCIES AND TO DISTRICT ATTORNEYS, IN THE FURTHERANCE OF CRIMINAL INVESTIGATIONS WITHIN THEIR RESPECTIVE JURISDICTIONS. ANY UNAUTHORIZED DISCLOSURE OF ANY INFORMATION CONTAINED IN THE CONFIDENTIAL FILES OF THE BUREAU SHALL BE A MISDEMEANOR. THE PERSON OR ENTITY AUTHORIZED TO INITIATE INVESTIGATIONS IN THIS SECTION SHALL RECEIVE A REPORT OF THE RESULTS OF THE REQUESTED INVESTIGATION. THE PERSON OR ENTITY REQUESTING THE INVESTIGATION MAY GIVE THAT INFORMATION ONLY TO THE APPROPRIATE PROSECUTORIAL OFFICER OR AGENCY HAVING STATUTORY AUTHORITY IN THE MATTER IF THAT ACTION APPEARS PROPER FROM THE INFORMATION CONTAINED IN THE REPORT, AND SHALL NOT REVEAL OR GIVE SUCH INFORMATION TO ANY OTHER PERSON OR AGENCY. VIOLATION HEREOF SHALL BE DEEMED WILLFUL NEGLECT OF DUTY AND SHALL BE GROUNDS FOR REMOVAL FROM OFFICE."
WHEN THE LANGUAGE USED IN A STATUTE IS PLAIN AND UNAMBIGUOUS, IT IS NECESSARY TO INTERPRET THE WORDS USED IN THEIR ORDINARY SENSE. 25 O.S. 1 (1991). CAVE SPRINAS PUBLIC SCHOOL DIST. I-30 OF ADAIR COUNTY V. BLAIR, 613 P.2D 1046 (OKLA.1980). FURTHER, IT IS REQUIRED THAT THE INTERPRETATION FOLLOW THE PLAIN INTENT OF THE LEGISLATURE. STATE EX REL. CARTWRIGHT V. GEORGIA-PACIFIC CORP., 663 P.2D 718 (OKLA.1982).
IN REGARD TO YOUR FIRST QUESTION, 74 O.S. 150.5(D) PROVIDES THAT A PERSON WHO REQUESTS AN OSBI INVESTIGATION, IN THIS CASE THE GOVERNOR, MAY GIVE INFORMATION CONTAINED IN SUCH A REPORT ". . . ONLY TO THE APPROPRIATE PROSECUTORIAL OFFICER OR AGENCY HAVING STATUTORY AUTHORITY IN THE MATTER IF THAT ACTION APPEARS PROPER FROM THE INFORMATION CONTAINED IN THE REPORT, AND SHALL NOT REVEAL OR GIVE SUCH INFORMATION TO ANY OTHER PERSON OR AGENCY." (EMPHASIS ADDED.) THE USE OF THE WORD "SHALL" CONNOTES A MANDATORY DUTY, IN THIS CASE NOT TO PROVIDE THE INFORMATION. TIB CORP. V. EDMONDSON, 630 P.2D 1296 (OKLA.1981). AS THAT SAME SUBSECTION PROVIDES THAT OSBI INVESTIGATIONS BEING CONDUCTED ARE CONFIDENTIAL, THE PLAIN INTENT OF THE LEGISLATURE PROHIBITS THE GOVERNOR FROM DISSEMINATING A COPY OF AN OSBI REPORT TO ANY PERSON OR ENTITY OTHER THAN THOSE SPECIFICALLY ALLOWED BY THAT SUBSECTION. FURTHER, IN ORDER TO PROVIDE SUCH INFORMATION, EVEN TO AUTHORIZED PERSONS, TWO CONDITIONS MUST FIRST BE SATISFIED. FIRST, THE PARTY TO BE GIVEN THE INFORMATION MUST BE A PROSECUTORIAL OFFICER OR AGENCY WITH STATUTORY AUTHORITY IN THE MATTER. SECOND, THE DISSEMINATION TO THAT OFFICER OR AGENCY MUST APPEAR PROPER FROM THE INFORMATION CONTAINED IN THE REPORT.
WITHOUT SPECIFIC LEGISLATIVE ENACTMENT, A LEGISLATIVE TASK FORCE COMMITTEE WOULD NOT BE A PROSECUTORIAL ENTITY. THEREFORE, IT WOULD NOT BE AN ENTITY AUTHORIZED TO RECEIVE AN OSBI REPORT, UNLESS IT WAS AN INVESTIGATIVE COMMITTEE PROVIDED WITH SUBPOENA POWER AND SO WAS AUTHORIZED TO REQUEST AN INVESTIGATION PURSUANT TO 74 O.S. 150.5.